UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY JAMES HAMILTON,

    Plaintiff,                               Hon. Robert J. Jonker

v.                                            Case No. 1:22-cv-663

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## SECOND REPORT AND RECOMMENDATION

This matter is before me on remand from the Honorable Robert J. Jonker for consideration of Plaintiff's counsel's billing records in determining whether the amount requested in the parties' Stipulation and Proposed Order for Attorney's Fees and Costs Under the Equal Access to Justice Act, 28 U.S.C § 2412 (ECF No. 14), is reasonable. According to the stipulation, Plaintiff's counsel spent 35.1 hours on the matter (28.8 hours in attorney time and 6.3 hours in paralegal time) for a total of $6,526.60 in fees, although the parties have agreed to an EAJA award of $6,200.00. Having reviewed counsel's billing records, and pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **GRANT** the stipulation and award EAJA fees in the amount of $6,200.00.

The sole issue, as set forth in Plaintiff's Objection (ECF No. 16), is the reasonableness of the number of hours sought. As Plaintiff notes, assessing attorney fees is not a formulaic exercise involving the application of rules or regulations as to how long a particular task should take. Courts are guided by nothing more than the general rule that the hours claimed must be "reasonably expended" on the matter. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Unsurprisingly, then, "district courts have a great deal of discretion in deciding what constitutes a reasonable fee."

*Buchanan v. Colvin*, No. 13-133, 2014 WL 11309969, at *2 (E.D. Ky. Oct. 14, 2014) (citing *United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 212 (3d Cir. 2000)). This is why, as Plaintiff points out, and as one should expect, courts from other districts in the Sixth Circuit have approved requests for substantially higher hours than Plaintiff seeks here for work done in similar Social Security cases. (ECF No. 16 at PageID.1534.) By the same token, the same is true in the other direction. *See*, *e.g.*, *Hanna v. Comm'r of Soc. Sec.*, No. 1:21-cv-148 (W.D. Mich. May 10, 2022), ECF No. 24 (order granting motion for EAJA fees for 25 hours of work in fully-litigated case involving 1,291-page administrative record); *Yob v. Comm'r of Soc. Sec.*, No. 1:21-cv-617, 2022 WL 868009, at *2 (W.D. Mich. Mar. 8, 2022), *report and recommendation adopted*, 2022 WL 860666 (W.D. Mich. Mar. 23, 2022) (finding 22.1 hours reasonable in case involving 1,390-page administrative record and stipulated remand); *Spiller v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 647, 652 (S.D. Ohio 2013) ("Without establishing a firm, bright line rule, the Court surveyed a large number of EAJA fees/costs petitions recently filed in this District, and found the general range of time expended on these cases is 15–25 hours."). Thus, an amount less than what Plaintiff seeks also could be supported by comparison to similar cases.

In any event, having reviewed the submitted billing records, I conclude that the stipulated amount, which represents a reduction of $326.80, is reasonable.[1] Accordingly I recommend that the Court award Plaintiff $6,200.00 in EAJA fees.

---

[1] Although I have no basis to determine what hours the parties agreed to exclude, the 28.8 hours in attorney time generally appears reasonable. Certain hours billed for paralegal time would have been unreasonable or not properly compensable as EAJA fees. First, the paralegal time includes 1.9 hours of time (02/08/23 and 02/14/23) devoted to "EAJA preparation" and related work, resulting in a one-page stipulation and order that reasonably should have taken no more than fifteen minutes to prepare. While some time would have to be spent reviewing and editing time entries, all of this could have been done in one hour, and I note that Attorney Olinsky also spent .5 hour reviewing time slips and "finaliz[ing] EAJA narrative." (ECF No. 16-2 at PageID.1542.) In addition, a paralegal spent 1.4 hours of time downloading, cleaning up, and formatting the administrative record. This time is not

In light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), an order awarding EAJA fees must be entered directing payment to Plaintiff, not counsel. *Id.* at 591–93; *see also* 28 U.S.C. § 2412(d)(1)(A) (the EAJA awards fees "to a prevailing party"); *Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 934–35 (6th Cir. 2017) (reaffirming that *Astrue* requires EAJA fees to be paid to the claimant). Therefore, I recommend that the Court order that payment be made directly to Plaintiff.

Dated: March 29, 2023    /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

compensable under the EAJA as it involves solely clerical work. *See Garrett v. Soc. Sec. Admin.*, No. 3:22-cv-356, 2023 WL 2416365, at *2 (M.D. Tenn. Mar. 8, 2023) (reducing paralegal time "for review of the Optical Character Recognition (OCR) in preparation of the administrative record for the attorney"); *Zupp on Behalf of A.W.E. v. Comm'r of Soc. Sec.*, No. 2:14-cv-2545, 2016 WL 11509668, at *2 (S.D. Ohio Aug. 16, 2016) ("Downloading, filing, and saving an administrative transcript is a purely clerical or secretarial task. Downloading, filing, and saving documents does not require legal knowledge, nor is it an especially complex task or a task traditionally performed by an attorney."); *Spiller*, 940 F. Supp. 2d at 651 (reducing paralegal time for time spent downloading and printing administrative transcript as a "non-compensable clerical or secretarial task[]").